UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. CHISMAN; et al.,<br><br>    Defendants.<br>_____/ | No. C 13-505 SI (pr)<br><br>**ORDER REVOKING PAUPER STATUS AND DISMISSING ACTION** |

On April 15, 2013, the court ordered plaintiff, Michael Hicks, to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified five prior dismissals that appeared to count under § 1915(g) and ordered Hicks to show cause why pauper status should not be denied and the action should not be dismissed. The order further stated that Hicks also could avoid dismissal by paying the full filing fee by the deadline.

Hicks filed a response to the order to show cause in which he contended that the court improperly charged him with "what amounts to a $350.00 nuisance fee." Docket # 11. The imposition of the filing fee was not improper. The unusual sequence of events in this action was caused by the unusual approach Hicks took by filing the action and seeking voluntary dismissal

1  before the court acted on the complaint. Because there was an *in forma pauperis* application
2  pending in an action that a plaintiff wanted to dismiss, the court granted the application and
3  dismissed the action, rather than take the additional steps to determine whether to revoke pauper
4  status before dismissing the action. After the court dismissed the action at Hicks' request, Hicks
5  changed his mind and decided he wanted to go forward with the action. His desire to go forward
6  with his action required the court to consider whether the frequent filer could go forward with
7  the action or was barred by § 1915(g). There was nothing improper about the sequence of events
8  – it was simply occasioned by the unusual situation of a plaintiff who filed and then took steps
9  anticipating what the court might do rather than waiting for the court to issue an order.

10  The requirement that Hicks pay $350.00 also is not improper. A prisoner plaintiff
11  becomes obligated to pay the filing fee for a action as soon as he files it. If a prisoner plaintiff
12  is allowed to proceed as a pauper, he is subject to the installment payment plan in § 1915(a), and
13  eventually pays the full filing fee as monies come into his prisoner trust account. If he is not
14  allowed to proceed as a pauper, he must pay the full filing fee immediately upon the filing of the
15  action. Neither a voluntary dismissal, nor a denial of pauper status, relieves a prisoner plaintiff
16  of the filing fee obligation in 28 U.S.C. § 1915.

17  In his response to the order to show cause on the § 1915(g) issue, Hicks "request[ed] the
18  court to show cause why a judicial misconduct complaint should not be lodged or to voluntarily
19  remove" herself from Hicks' actions. Docket # 11. The request is DENIED. To the extent that
20  the statement is a recusal request, it is denied because Hicks did not provide a timely affidavit
21  that the undersigned "has a personal bias or prejudice either against him or in favor of any
22  adverse party," 28 U.S.C. § 144. Absent a legitimate reason to recuse herself, a judge has a duty
23  to sit in judgment in all actions assigned to that judge. *See United States v. Holland*, 519 F.3d
24  909, 912 (9th Cir. 2008).

25  Hicks did not pay the filing fee, did not show that any of the prior dismissals should not
26  be counted under § 1915(g), did not appear to be under imminent danger of serious physical
27  injury, and did not otherwise show cause why this action could not be dismissed. For the
28

2

foregoing reasons, the court now VACATES the order granting leave to proceed *in forma pauperis* (Docket # 7) and REVOKES pauper status for Hicks. This action is DISMISSED for failure to pay the filing fee.

If Hicks – whose *in forma pauperis* application shows that he has no assets and hundreds of dollars of unpaid obligations – wants to proceed, he may file within **thirty days** a motion to vacate the dismissal that must be accompanied by a check for the full filing fee of $350.00.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: June 13, 2013

_____
SUSAN ILLSTON
United States District Judge